`   IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF TEXAS
              TYLER DIVISION

MICHAEL IVY

V.                                          NO. 6:19-CV-00242

CITY OF PALESTINE

### DEFENDANT CITY OF PALESTINE'S ANSWER TO VERIFIED COMPLAINT

TO THE HONORABLE JEREMY D. KERNODLE

Defendant, City of Palestine, files this Answer in response to Plaintiff's Verified Complaint ("the Complaint"). The paragraphs below correspond to the same numbered paragraphs in Plaintiff's Complaint.

Pursuant to Federal Rule of Civil Procedure 8(b) and (c), Defendant denies each and every allegation contained in Plaintiff's Original Complaint except for those expressly admitted herein.

1. Defendant admits the Court has jurisdiction over Plaintiff's federal claims.

2. Defendant admits the allegations in paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the complaint and therefore denies. The last sentence contain legal conclusions that Defendant is required to neither admit nor deny.

4. Defendant admits it is a home-rule city within the State of Texas. Defendant admits it owns and operates the Palestine Athletic Complex. The last three sentences of this paragraph contain legal conclusions that Defendant is required to neither admit nor deny, but to the extent a response is required, it is denied.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint and therefore denies. Defendant admits that the City of Palestine is located within the Eastern District of Texas.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of all the allegations in paragraph 6 of the complaint and therefore denies.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint and therefore denies.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of all the allegations in paragraph 8 of the complaint and therefore denies. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

9. Defendant denies the allegations contained in paragraph 9 of the complaint.

10. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

11. Defendant admits Plaintiff has quoted portions of language from 42 U.S.C Section 12101(A)(5) which does not requires the Defendant to admit or deny. This paragraph contain

2

legal conclusions that Defendant is required to neither admit nor deny, but to the extent a response is required, it is denied.

      12.      Defendant admits Plaintiff has quoted portions of language from 42 U.S.C 12101(b)(1)(2) & (4) which does not require the Defendant to admit or deny.  This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

      13.      Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12101(b)(2)(A)(iv), 42 U.S.C. Section 12183(a) & (b), 28C.F.R. Section 36.402, 28 C.F.R. Section 36.406, 42 U.S.C. Section 12183(a)(1)(2) which does not require the Defendant to admit or deny.  This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

      14.      Defendant admits Plaintiff has quoted portions of language from 28C.F.R. Section 36.401, 402, 406(a)(1) which does not require the Defendant to admit or deny.  The remainder of this paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

      15.      Defendant admits Plaintiff has quoted portions of language from 28C.F.R. Section 36.406(5)(ii) which does not require the Defendant to admit or deny.  The remainder of this paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This

paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

16.  Defendant denies the allegations contained in paragraph 16 of the complaint. Defendant pleads existing facilities under 28 C.F.R. Section 35.150 (a)(1) and (3) and (b) which states in part "A public entity shall operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, readily accessible to and usable by individuals with disabilities. This paragraph does not-

(1) Necessarily require a public entity to make each of its existing facilities accessible to and usable by individuals with disabilities;

(3) Require a public entity to take any action is can demonstrate would result in a fundamental alteration in the nature of a service, program or activity or in undue financial and administrative burdens".

17.  Defendant admits that a men's and women's bathroom underwent alteration in 2016.

18.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 18 of the complaint and therefore denies. The remainder of paragraph 18 quotes portions of language from 28C.F.R. Section 36.406(5)(ii), 208.2.4, 502.2, 502.3, 3.201, 402.2, 206.2.4, 604.5.1, 609.4, 604.7 and 208.3.1. which contain legal conclusions that Defendant is required to neither admit nor deny, but to the extent a response is required, it is denied. The remainder of paragraph 18 the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and

therefore denies. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of all the allegations in paragraph 19 of the complaint and therefore denies. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

20. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint and therefore denies. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

22. Defendant denies the allegations contained in paragraph 22 of the complaint.

23. Defendant admits it is a home-rule city. Otherwise the Defendant denies the remaining allegations contained in paragraph 23 of the complaint.

24. Defendant admits Plaintiff has quoted portions of language from 28C.F.R. Section 36.150 which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the

Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

25. Defendant admits Plaintiff has quoted portions of language from 28C.F.R. Section 36.149 which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

26. Defendant admits Plaintiff has quoted portions of language from 28C.F.R. Section 36.151(a)(1) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

27. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

28. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

29. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the complaint and therefore denies. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny, but to the extent a response is required, it is denied.

31. Defendant denies the allegations contained in paragraph 31 of the complaint.

32. Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12182(b)(1)(A)(ii)-(iii) and 12182(b)(1)(B), 28C.F.R. Section 36.202(b)-(e), 302(b), 203(a) and pt. 36, App. B, at 631-633, 651 which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 33 of the complaint and therefore denies. Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12181(a)(5) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

34. Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12182 and 12182(b)(2)(A)(ii) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.

This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

35. Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12182(b)(2)(A)(ii) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

36. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

37. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

38. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth of all the allegations in paragraph 39 of the complaint and therefore denies. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

40. Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12182(b)(2)(A)(iv) & (v) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

41. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

42. Defendant admits it "owns" and "operates" the athletic complex. Otherwise the remainder of this paragraph contain legal conclusions that Defendant is required to neither admit nor deny, but to the extent a response is required, it is denied.

43. Defendant admits receiving a demand letter but denies it provided sufficient notice of demands. Defendant is without knowledge or information sufficient to form a belief as to the truth of receiving an informal complaint filed with the United States Department of Justice and therefore denies.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the complaint and therefore denies. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

45. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

46. Defendant denies the allegations contained in paragraph 46 of the complaint.

47. Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12182(a) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

48. Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12182(a) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

49. Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12182(a)(5), 42 U.S.C. Section 12101(a)(7) and U.S.C. Section 12101(a)(8) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

50. Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12101(b)(1)-(2) which does not require the Defendant to admit or deny. This

paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

51.     Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12182(a)(i) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

52.     Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12182(a)(ii) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

53.     Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12101(a)(5) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

54.     Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12182 which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely

the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

55.     This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

56.     This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

57.     Defendant is without knowledge or information sufficient to form a belief as to the truth of all the allegations in paragraph 57 of the complaint and therefore denies.  This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

58.     Defendant admits Plaintiff has quoted portions of language from H.R. Rep. No. 101-485(III), 1990 U.S.C.C.A.N. and PGA Tour, Inc. v. Martin which does not require the Defendant to admit or deny.    This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

59.     Defendant admits Plaintiff has quoted portions of language from 42 U.S.C. Section 12182(a)(i) which does not require the Defendant to admit or deny.  Defendant is without knowledge or information sufficient to form a belief as to the truth of all the allegations in

paragraph 59 of the complaint and therefore denies.  This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

60.	Defendant is without knowledge or information sufficient to form a belief as to the truth of all the allegations in paragraph 60 of the complaint and therefore denies.   This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

61.	This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

62.	Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the complaint and therefore denies.  This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

63.	This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

64.	Defendant denies the allegations contained in paragraph 64 of the complaint.

65. Defendant admits Plaintiff has quoted portions of language from Tex. Gov't Code Section 469.001(a) which does not require Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

66. Defendant is without knowledge or information sufficient to form a belief as to the truth of all the allegations in paragraph 66 of the complaint and therefore denies. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

67. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

68. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the complaint and therefore denies. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

69. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

70. Defendant denies the allegations contained in paragraph 70 of the complaint.

71.     Defendant admits Plaintiff has quoted portions of language from Tex. Hum. Res. Code Ann. Section 121.001 and 121.003(a) which does not require the Defendant to admit or deny.   This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

72.     Defendant admits Plaintiff has quoted portions of language from Tex. Hum. Res. Code Ann. Section 121.001(4)(A) which does not require the Defendant to admit or deny. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the complaint and therefore denies.  This paragraph contain legal conclusions that Defendant is required to neither admit nor deny, but to the extent a response is required, it is denied.

73.      Defendant admits Plaintiff has quoted portions of language from Tex. Hum. Res. Code Ann. Section 121.001(5) which does not require the Defendant to admit or deny.   This paragraph contain legal conclusions that Defendant is required to neither admit nor deny.  This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

74.     Defendant admits Plaintiff has quoted portions of language from Tex. Hum. Res. Code Ann. Section 121.003(d)(1) & (2) which does not require the Defendant to admit or deny.  This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

75. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

76. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

77. Defendant admits Plaintiff has quoted portions of language from Tex. Hum. Res. Code Ann. Section 121.004(a)(1)-(2) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

78. Defendant admits Plaintiff has quoted portions of language from Tex. Hum. Res. Code Ann. Section 121.004(a)(3) which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

79. Defendant admits Plaintiff has quoted portions of language from Diaz v. Doneraki Restaurants, Inc. which does not require the Defendant to admit or deny. This paragraph contain legal conclusions that Defendant is required to neither admit nor deny. This paragraph is merely the Plaintiff's description of his claims which does not require admission or denial, but to the extent a response is required, it is denied.

The Defendant denies that Plaintiff is entitled to the relief requested in the prayer portion of the Complaint.

WHEREFORE, the Defendant requests that Plaintiff take nothing in this action.

Respectfully submitted

JEFF HERRINGTON
509 North Church Street
P.O. Drawer 2943
Palestine, Texas 75802
Tel: (903) 723-1212
Fax: (903) 723-3434

By:  /s/ Jeff Herrington
    Jeff Herrington
    State Bar No. 09538500
    jherrington17@hotmail.com
    Attorney for Defendant
    City of Palestine

## CERTIFICATE OF SERVICE

This document was filed and served electronically in compliance with Local Rule CV-5(a) on August 25, 2019

 /s/ Jeff Herrington
Jeff Herrington