# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

**MICHAEL IVY**                                                                 **PLAINTIFF**

**V.**                                         **CIVIL ACTION NO.: 6:19-cv-00242-JDK**

**CITY OF PALESTINE**                                                           **DEFENDANT**

---

## SUPPLEMENTAL RESPONSE TO SHOW CAUSE ORDER

---

COMES NOW, undersigned counsel David C. Dunbar, individually and on behalf of the Plaintiff, Michael Ivy, and responds further to the Court's Order to Show Cause by apologizing to the Court and to Defense Counsel for what has transpired this week and states as follows:

1.      Nothing herein is meant to imply that the undersigned is not taking responsibility for his failure better to oversee and supervise the handling of this matter.

2.      Undersigned counsel has had no communication with Defense counsel Mr. Herrington relative to the proceedings over the last few weeks.   The handling of this matter and the communications with Mr. Herrington has generally been led by and delegated to Mr. Dunnells who was supervised and overseen by the undersigned.   After learning that the City had voted not to reopen the park, and that there was no money to make any repairs, I was under the belief that Mr. Dunnells and Mr. Herrington were working toward an agreement to resolve the case, and that an order or stipulation of dismissal was to be submitted to the Court prior to the hearing Friday December 20, 2019.   I would never intentionally ignore the Court's order for a hearing.

3.      Mr. Ivy had no involvement or role in the misfeasance or mistakes relative to the hearing.  His lawyers made the mistakes relative to the hearing and ask that the Court not sanction Mr. Ivy due to what is the responsibility of his lawyers Dunbar and Dunnells.

4.     Many days ago, the undersigned should have taken an opportunity to review with Mr. Dunnells his plan to dismiss the case with Court and Defense Counsel approval and what paperwork Dunnells intended to submit.   I did not.    While there is no excuse, the undersigned had a jury trial in Mississippi Circuit Court the week of December 9, 2019 and was in a mediation and depositions all days the week of December 16 other than on Tuesday the 17th.   Again, not an excuse for his failure to supervise, but the reason for not supervising as he should have to ensure the matter was properly handled and to correct any factual errors in what was submitted.  I did not see or review the "Dismissal" paperwork that was submitted to the Court to know whether it was accurate; I should have but did not.  I was not aware of any misrepresentation in the paperwork.

5.     Undersigned counsel asserts that these statements are meant only to explain his role and his belief that the hearing was not going forward and his belief that there was no reason to attend the hearing. However, these facts do not absolve the undersigned counsel his ultimate obligations to the Court to follow its rules of conduct, its orders and to oversee properly the lawyers under his supervision.   I know these things having practiced for over 34 years supervising other lawyers and without the first knowing insult to any court such has occurred here.   I have never been subject to a show cause order previously, and this is stated only for the court to know this is NOT how we at DunbarMonroe PLLC intend to conduct ourselves, it is not our practice, and we are embarrassed by it.

6.     I have called defense counsel Mr. Herrington today attempting to apologize directly to him for what occurred yesterday and leading up to yesterday.   There was not answer so I left him a voice message hoping to speak with him to express my apologies.   Additionally, I have sent to him an email expressing the same apologies.

7.      Mr. Dunbar and his firm agree that they should pay for Mr. Herrington's fees and expenses for wasting his time yesterday in attending the hearing.    To this end, the undersigned this day has also mailed to Mr. Herrington his personal check in the amount of One Thousand Dollars ($1000.00) to pay at least in part the fees and expenses incurred.   Plaintiff's counsel also agrees to send additional payments to Mr. Herrington to pay in full his wasted fees and expenses caused by our failure to attend the hearing.

8.      And finally, counsel is hopeful that this submission, the financial remuneration to Mr. Herrington and the initial response demonstrate that Plaintiff's counsel truly and sincerely appreciate and understand their recent shortcomings relative to these proceedings and that there is no need formally to sanction in this matter.

WHEREFORE, PREMISES CONSIDERED, for the reasons expressed hereinabove, Plaintiff, along with undersigned counsel, respectfully requests the Court's consideration of this supplemental information in ruling on its Order to Show Cause.

THIS the 21th day of December, 2019.

MICHAEL IVY

By His Attorneys

DunbarMonroe, PLLC


/s/*David C. Dunbar*_____
David C. Dunbar


David C. Dunbar, Esq.
dcdunbar@dunbarmonroe.com
Christopher G. Dunnells, Esq.
cdunnells@dunbarmonroe.com
*DunbarMonroe, PLLC*
270 Trace Colony Park, Suite A
Ridgeland, Mississippi  39157

601-898-2073 (telephone)
601-898-2074 (facsimile)
*Counsel for Plaintiff*